(136 So. 876)

**GRAY et al. v. MEADOWS.**

8 Div. 298.

Court of Appeals of Alabama.

Oct. 6, 1931.

488

J. G. Rankin, of Athens, for appellants.

R. B. Patton, of Athens, for appellee.

BRICKEN, P. J.

This case, we think, was tried in the court below without semblance of error. The controlling questions, three in number, were of fact only, and the evidence on each of these propositions ·was in· conflict, and was ample to sustain the verdict of the jury and support the judgment rendered in accordance therewith. The assignments of error are predicated upon these questions. There is no phase of this case which entitled the appellants, or either of them, to the affirmative charge as insisted here.

This suit was an action for damages as a result of an automobile accident between appellee and appellant Ronald Gray, Jr., which happened at the intersection of certain streets in the city of Athens. The finding of the jury as to the amount of· damages suffered by appellee as a result of said collision was well within the limits fixed by the evidence on this question, and as to this there appeared no material dispute or conflict, and no special insistence is here urged in this connection.

The liability of appellant Ronald Gray, Jr., as a result of his alleged negligence, was fully established by the evidence offered in behalf of the plaintiff. The evidence for the fendant, however, was to the contrary; it therefore devolved upon the jury to consider and determine this matter, rendering the affirmative charge inapt, as stated. We refrain from setting out the evidence in this connection, as it would serve no good purpose.

On the question of the liability of appellant Ronald Gray, Sr., the evidence, without dispute, disclosed that Gray, Jr., was his minor son; that he lived in the home with his father, as a member of his family, and that he also worked for his father in his place of business; that Gray, Sr., had two young daughters attending school in Athens, who lived in the home with father and son; that Gray, Jr., frequently carried the younger children to school; and it was admitted upon the trial that on the occasion of the wreck complained of Ronald Gray, Jr., was returning from school, where he had been to take these young sisters, to his father's place of business.

Appellee based his right of recovery as against Ronald Gray, Sr., upon the theory that Gray, Jr., was the agent or servant of Gray, Sr., at the time of the accident resulting in injury to appellee, and was acting within the line and scope of his authority. This theory, of course, was the only one upon which the right of recovery as against Gray, Sr., would lie, for the mere fact of paternity does not make the father liable for the torts of his minor child. The court in this connection properly instructed the jury as to the law on this question, and no insistence to the contrary appears. The jury, in considering the evidence on this, the paramount question in the case, and applying the law as given by the court, decided adversely to appellants' insistence, and were amply justified in so doing.

We find no error on the trial of this case in the court below, and the judgment appealed from will stand affirmed.

Affirmed.